Munoz-Rosario v Padilla (2025 NY Slip Op 02010)

Munoz-Rosario v Padilla

2025 NY Slip Op 02010

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 802849/23|Appeal No. 4036|Case No. 2024-03612|

[*1]Danny Munoz-Rosario, Plaintiff-Respondent,
v
Jensey Padilla, et al., Defendants-Appellants. 

Ondrovic & Platek, PLLC, White Plains (Robert M. Lefland of counsel), for appellants.
Raytsin Law Firm, P.C., Queens Village (Stanislav Gomberg of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 22, 2024, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff established prima facie that defendant Jensey Padilla negligently operated his vehicle by changing lanes of traffic before ascertaining that it was safe to do so (see Castro v Hatim, 174 AD3d 464, 464-465 [1st Dept 2019]). Plaintiff submitted an affidavit in which he averred he was traveling in the right-hand lane at less than five miles per hour when his vehicle was unexpectedly struck on the rear driver's side by Padilla's vehicle. Plaintiff also submitted a certified police report, which included a description of the accident as well as a diagram and noted that Padilla "state[d] that he was in the middle lane merging lane when he collided with [plaintiff's vehicle]." Indeed, Padilla's admitted conduct establishes negligence per se based on a violation of Vehicle and Traffic Law § 1128(a) (see Castro v Hatim, 174 AD3d at 464-465).
In opposition defendants failed to raise an issue of fact as to whether Padilla had a nonnegligent explanation for suddenly changing lanes, leading to his rear-end collision with plaintiff. Padilla's affidavit lacked any details about the nonparty vehicle that allegedly cut him off, in traffic that was otherwise moving slowly. Defendant did not offer any description of the purported third vehicle or any estimates of the distances or timing involved in the happening of this accident. Padilla merely asserts that the third vehicle cut him off "sudden[ly]" and that he had to react "very quick[ly]." Most notably, this alleged third vehicle was never previously mentioned in defendants' answer, in the police report summarizing the drivers' accounts of the accident, nor anywhere else (see Thompson v Coca-Cola Bottling Co., 170 AD3d 588, 589 [1st Dept 2019][the defendant driver's affidavit failed to raise issues of fact since, among other things, it "seem[ed] tailored to avoid the consequences of his prior admission to the police officer"]). Accordingly, this self-serving and conclusory affidavit upon which defendants attempt to establish an issue of fact is insufficient to overcome plaintiff's prima facie showing.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025